## Sinsheimer *v.* Hartman, Appellant.

*Partnership—Evidence—Declarations of mercantile agency.*

In an action against a partnership where the main question is whether one of the defendants was a partner, or held himself out as such, it is inadmissible to show that such defendant had made declarations to a mercantile agency, that he was not a member of the partnership, but a creditor of it, there being no offer to prove that the plaintiffs had notice or knowledge of this statement, or that they were members of the mercantile agency.

Argued Nov. 11, 1901. Appeal, No. 233, Oct. T., 1900, by defendants, from judgment of C. P. Berks Co., Jan. T., 1897, No. 24, on verdict for plaintiff in case of Joseph Sinsheimer, Samuel W. Sinsheimer and Meyer Sinsheimer, trading as J. Sinsheimer & Son, v. A. S. Hartman and Evan L. Shomo,

trading as A. S. Hartman & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before ERMENTROUT, P. J.

At the trial Evan L. Shomo, one of the defendants, denied that he was a party, and this was the main question in the case.

When A. S. Baker was on the stand he was asked this question :

Mr. Stevens : " Q. You are manager of Dun's Mercantile Agency in the city of Reading, are you not ? A. Yes, sir. Q. Will you please state whether in March, 1895, you made an investigation for Dun's Mercantile Agency concerning the firm of A. S. Hartman & Company with a view of ascertaining who composed the firm, and what the indebtedness was ? A. I did, yes, sir, March 30, 1895. Q. Will you please state what information you obtained, first, who comprised the firm ? "

Mr. Jacobs : What is the purpose of the question ?

Mr. Stevens : The purpose of the question is to show that the witness, who is manager of Dun's Mercantile Agency in the city of Reading, whose business it is to ascertain the membership of all firms and standing of parties engaged in business in and about the city of Reading, county of Berks, made an examination of the affairs of A. S. Hartman & Company ; that the firm of A. S. Hartman & Company was composed of A. S. Hartman, doing business as A. S. Hartman & Company ; that the company was nominal, having been carried on from the old firm in whose name the labels, trade-marks and good-will were ; that Mr. Hartman was indebted to Evan L. Shomo in the sum of $900 at that time for the purchase of the interest of Guldin and Poorman, retiring partners ; that Mr. Shomo did not at that time hold himself out as a partner, but that Mr. Hartman held himself out to the world trading as A. S. Hartman & Company ; this to be shown by the declarations of Mr. Shomo.

The Court : " Q. By the declarations of Mr. Shomo to you ? A. Yes, sir. Q. Your report is made upon those declarations ? A. Yes, sir."

The Court (to Mr. Stevens) : Do you desire to show that the plaintiffs had knowledge ?

Mr. Stevens: That we cannot show.

Mr. Jacobs: Plaintiffs make the same objection as to the former offer.

The Court: It not being shown that plaintiffs had any knowledge of it, we will exclude the offer. Exception for defendants. [1]

Mr. Stevens: Plaintiffs having offered in evidence letters for the purpose of proving declarations to different parties not connected with plaintiffs' firm and not communicated to the plaintiffs' firm wherein it is alleged Mr. Shomo declared, during the period from January 15, 1895, up to 1896, that he was connected with the firm as partner, from which the jury will be asked to infer he was a partner, defendants propose to show by the witness that on or about March 30, 1895, he made a statement to Dun's Mercantile Agency, an agency making reports of the standing and of the membership of firms engaged in business throughout the United States, wherein he stated that he was a creditor of Mr. Hartman, whom he had loaned $900 for the purpose of buying out the interest of Guldin and Poorman ; that in addition he had individually indorsed Mr. Hartman; that Mr. Hartman intended running the business for himself under the firm name of A. S. Hartman & Company, the old style of the business, the company being nominal, and giving all the information in his knowledge in reference to the affairs of A. S. Hartman & Company ; to be followed by evidence that Dun's Mercantile Agency made reports concerning the membership of the firm of A. S. Hartman & Company and the indebtedness of Mr. Hartman to Mr. Shomo.

Mr. Jacobs: Objected to, first, the book or report must be in court, proven ; second, it must be followed by proof that it came to the knowledge of the plaintiffs in this case and was in their possession when they sold these goods. Objection excluded. Exception. [2]

Verdict and judgment for plaintiff for $1,121.49. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions.

*W. K. Stevens,* of *Stevens & Stevens,* for appellant, cited:

Craig v. Craig, 5 Rawle, 98 ; Clever v. Hilberry, 116 Pa. 439 ; Susquehanna, etc., R. R. & Coal Co. v. Quick, 68 Pa. 200.

*H. P. Keiser*, of *Jacobs & Keiser*, for appellee, cited : Clever v. Hilberry, 116 Pa. 438.

OPINION BY ORLADY, J., March 14, 1902 :

A judgment was recovered against A. S. Hartman and Evan L. Shomo, trading as A. S. Hartman & Company. The amount of the plaintiffs' claim was not controverted and the appeal taken by Evan L. Shomo raises but the single question of the admissibility of certain testimony offered by him.

The appellant denied that he was a member of the defendant firm and also that he had held himself out as such to the plaintiffs, in this he was supported by A. S. Hartman. The plaintiffs testified that Shomo had been introduced to them by Hartman and that the business transaction in suit had been conducted with him in the name of the defendant firm, and that Shomo acknowledged the introduction as a partner and corresponded with them as such.

The shipments of the goods were made from January 3, 1895 to April 13, 1896. The appellant offered to prove that on March 30, 1895, he had made a statement to the Dun's Mercantile Agency that he was not a member of the firm of A. S. Hartman & Company, but its creditor. It was not proposed to show that the plaintiffs had notice or knowledge of this statement or that they were members of the mercantile agency, and the evidence was excluded as a self-serving declaration and hearsay. At the time the alleged declaration was made to the mercantile agency the business between the plaintiff and defendant was in progress. The trial was conducted with the usual direct and positive affirmations and denials of the important fact in issue. There was no attempt to impeach the general character for truth of Shomo, or to show that his declaration of March 30 was a fabrication of recent date.

This whole question is so fully and clearly reviewed in Commonwealth v. Kay, 14 Pa. Superior Ct. 376, that it would be useless to repeat it. The plaintiff could not be affected by the statements made by Shomo to third parties. Such a rule would result in interminable trials and present limitless issues to the

jury. The main question in this case was whether Shomo was a member of the defendant firm or did he hold himself out, or knowingly suffer himself to be held out, as a partner to the plaintiffs and permit dealings on the credit of the firm including himself. The contest was directed by each side to this fact, and the excluded testimony consisting of Shomo's declarations, which were made within a month of securing the credit, was never brought home to the plaintiffs.

"It would be a very dangerous practice, to permit a party who is about to commence an action against another to go about making declarations to third persons as to the substance of his cause of action and then on the trial of that same action to give those declarations in evidence for any purpose:" Clever v. Hilberry, 116 Pa. 431; Thomas v. Miller, 165 Pa. 217.

The assignments of error are overruled and the judgment is affirmed.